J-A21010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RYAN POWNALL | : | No. 148 EDA 2020 |

Appeal from the Order Entered December 30, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007307-2018

BEFORE:  LAZARUS, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER PER CURIAM:          **FILED SEPTEMBER 04, 2020**

The Commonwealth of Pennsylvania appeals from the order entered in the Court of Common Pleas of Philadelphia County denying its motion in limine.  We quash.

The order denying the Commonwealth's motion *in limine*[1] is not a final order, **see** Pa.R.A.P. 341(b), and the Commonwealth, although certifying in

---

[1] The Commonwealth challenges the constitutionality of 18 Pa.C.S. § 508(a)(1)(ii), which reads:

**(a) Peace officer's use of force in making arrest**.--

(1) A peace officer, or any person whom he has summoned or directed to assist him, need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force which he believes to be necessary to effect the arrest and of any force which he believes to be necessary to defend himself or

its notice of appeal that the order "will terminate or substantially handicap the prosecution" under Pa.R.A.P. 311(d), has not established that the order hinders its prosecution. The order does not exclude, suppress or preclude the Commonwealth's evidence.[2]  Additionally, the Commonwealth has failed to show that the order is a collateral order pursuant to Pa.R.A.P. 313(b). We agree with the trial court's assessment that the necessity and propriety of defendant's justification defense depends upon consideration of the evidence presented at trial and therefore cannot be severed from the ultimate issue– defendant's guilt or innocence.

---

    another from bodily harm while making the arrest. *However, he is justified in using deadly force only when he believes that such force is necessary to prevent death or serious bodily injury to himself or such other person, or when he believes both that*:

        (i) such force is necessary to prevent the arrest from being defeated by resistance or escape; and

        (ii) the person to be arrested has committed or attempted a forcible felony or is attempting to escape and possesses a deadly weapon, **or** *otherwise indicates that he will endanger human life or inflict serious bodily injury unless arrested without delay.*

18 Pa.C.S. § 508(a)(1) (emphasis added). The Commonwealth suggests that this Court rewrite the statute, using conjunctive over disjunctive language. This suggestion would infringe on legislative action and violate the doctrine of separation of powers. Pa. Const. art.5, § 10. The Commonwealth's recourse lies with the General Assembly.

[2] The trial court has made it very clear in her opinion that she is quite willing to listen to the arguments propounded by the Commonwealth once all the evidence is presented.

The Commonwealth's application for oral argument filed on August 13, 2020 is hereby denied as moot.

Appeal QUASHED. Motion for oral argument DENIED AS MOOT.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/20